108 F.3d 1387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Karl WADE, Plaintiff-Appellant,
v.
CITY OF INGLEWOOD, Defendant-Appellee.
 No. 95-56745.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1997.*
Decided March 11, 1997.
 
 Before: FARRIS, KOZINSKI, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Karl Wade ("Wade") timely appeals the district court's grant of summary judgment in favor of the City of Inglewood ("the City") on Wade's claim under 42 U.S.C. § 1983. We review the district court's summary judgment order de novo. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 ANALYSIS
 
 3
 Municipalities can be held liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy" causes the injury. Monell v. Department of Soc. Servs., 436 U.S. 658, 693 (1978). Wade may establish municipal liability in three ways:
 
 
 4
 First, [Wade] may prove that a city employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity.... Second, [Wade] may establish that the individual who committed the constitutional tort was an official with final policy-making authority and that the challenged action itself thus constituted an act of official governmental policy.... Third, [Wade] may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it.
 
 
 5
 Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir.1992) (quotations and citations omitted). Wade has failed to provide sufficient evidence for any of these forms of municipal liability with regard to his alleged constitutional violations that would defeat summary judgment.
 
 A. Seizure of the Car
 
 6
 The mere fact that the City of Inglewood police department has a procedure for dividing its calls among duty officers, called "officer-assist calls," does not constitute a municipal policy governing the specific method of property seizure alleged in the complaint to be unconstitutional. As Officer Wallace testified in his deposition:
 
 
 7
 Any call that comes in where an officer is dispatched to, it would, in essence, be an assist call. Whether it's just to go over and see if by chance you can unlock a lady's car door or if it's to have intervention in a family disturbance. It's still an assist call. Every call, in essence, can be an assist call.
 
 
 8
 Such a general statement regarding police procedure is insufficient to support a finding that a particular municipal policy caused the allegedly unconstitutional seizure of the car.
 
 
 9
 Wade's attempt to demonstrate a verbal practice or custom of seizing property by committing constitutional violations also fails. Wade points to the following excerpt from Officer Wallace's deposition:
 
 
 10
 Q: You've had other officer assistance calls of this type prior to this?
 
 
 11
 A: Oh, yes. Many.
 
 
 12
 Q: Was there any rule of thumb that you would use, a policy that you had, verbal policy that you'd ever been instructed on how to carry out such an inquiry? [In] other words, had you ever had a situation with the car being requested to be removed?
 
 
 13
 A: Yes. Car, furniture, baby. It [runs] a gamut. Anything and everything. I've encountered most all of it.
 
 
 14
 Q: Was there any kind of policy with the Police Department how that's supposed to be handled?
 
 
 15
 A: Well, you are supposed to conduct yourself in a professional manner, reflecting the best image of the Department, as a rule. And it's my rule. I tend to, in a way, admonish the individuals I'm with that in an assistance type situation, if somebody asked to accompany the person that I'm assisting, that there will be no arguing with anybody, there will be no confrontations, and basically that's the ground rules that I lay down.
 
 
 16
 The district court correctly concluded that these statements fail to prove any custom with regard to property seizures and "merely indicates that he is regularly requested to recover property." No reasonable reading of this testimony could lead a rational trier of fact to conclude that Officer Wallace customarily participated in seizures of property where he did not have objectively reasonable grounds to do so.
 
 
 17
 Finally, despite Wade's claims to the contrary, there is no record evidence that demonstrates that Officer Wallace either had final policy-making authority in matters relating to property seizures or had his conduct ratified by an official with final policy-making authority. The mere fact that Wade's complaints to the police department did not cause an official policymaker to overrule the allegedly unconstitutional discretionary acts of Officer Wallace is insufficient to defeat summary judgment in favor of the City. See Gillette, 979 F.2d at 1348.
 
 
 18
 B. Allowing Two Individuals to Enter Wade's Property
 
 
 19
 Wade has failed to provide any evidence of a municipal policy allowing officers to engage in this allegedly unconstitutional practice when conducting a property seizure. Wade's citation to Officer Wallace's testimony quoted above is unavailing because it merely addresses his attempt to avoid confrontation and does not discuss where interested individuals who are involved in the property seizure are to stand or not to stand. The evidence simply does not discuss the officer's handling of or authority over such individuals at all. Therefore, no rational trier of fact could conclude that the City maintained a policy or custom that allowed officers to engage in the conduct complained of here.
 
 
 20
 C. Alleged Assault and Use of Racially Abusive Language
 
 
 21
 While Wade concedes that there is no evidence that this conduct was part of a pattern of similarly abusive behavior, he nevertheless argues that the City maintained an unwritten policy that allows officers to engage in such behavior in order to effectuate a property seizure. This argument fails to defeat summary judgment for the City.
 
 
 22
 There is no record evidence that the City maintained a policy or practice, written or unwritten, that would allow a police officer to engage in racial taunting or other racially abusive behavior in order to complete a property seizure. Wade has also presented no evidence that the City delegated the authority to decide whether or not to use racially abusive language in such situations to its officers. Without such evidence, Wade's § 1983 claim must fail.
 
 CONCLUSION
 
 23
 After considering Wade's arguments on appeal and the entire evidentiary record, we conclude that the district court correctly granted summary judgment in favor of the City. We therefore affirm.
 
 
 24
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3